UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| BENJAMIN M. GAMORAN, derivatively on behalf of the nominal defendant with respect to its series mutual fund, the Neuberger Berman International Fund,<br><br>            Plaintiff,<br><br>     - against -<br><br>NEUBERGER BERMAN MANAGEMENT LLC, *et al.*,<br><br>            Defendants,<br><br>     - and -<br><br>NEUBERGER BERMAN EQUITY FUNDS d/b/a NEUBERGER BERMAN INTERNATIONAL FUND,<br><br>            Nominal Defendant. | 11 Civ. 751 (GMS) |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF THE INVESTMENT ADVISOR DEFENDANTS' MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**

                                              MILBANK, TWEED, HADLEY
                                              &amp; McCLOY LLP
                                              James N. Benedict
                                              Alan J. Stone  (DE Id. No. 2677)
                                              Douglas W. Henkin
                                              Mia C. Korot
                                              1 Chase Manhattan Plaza
                                              New York, NY  10005-1413
                                              (212) 530-5000

                                              *Attorneys for Defendants Neuberger Berman*
                                              *Management LLC, Neuberger Berman, LLC,*
                                              *Benjamin Segal, Peter E. Sundman, and Jack L.*
                                              *Rivkin.*

Dated:  November 2, 2011

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT .............................................................................................. 1

ARGUMENT ............................................................................................................................ 2

I.    PLAINTIFF'S PRIMARY AUTHORITY SUPPORTS TRANSFER HERE .................... 2

II.   PLAINTIFF'S LATEST CHOICE OF FORUM IS ENTITLED TO NO DEFERENCE .. 2

    A.   The State Of Incorporation Of The Fund Is Irrelevant To This Motion ............................. 3

    B.   The RICO Venue Provision Is Irrelevant ........................................................................ 4

III.  DEFENDANTS' CHOICE OF FORUM IS ENTITLED TO DEFERENCE ..................... 5

IV.  THE CONVENIENCE OF THE PARTIES AND WITNESSES FAVORS TRANSFER 6

V.   NEW YORK AND LONDON ARE THE SITUS OF MATERIAL EVENTS ................. 6

VI.  THE PUBLIC INTEREST FAVORS SENDING THIS CASE BACK TO THE SDNY .. 8

    A.   Transferring This Case Back To The SDNY Will Avoid Duplicative Litigation And Ensure Consistent Results ............................................................................................... 8

    B.   The Potential Existence Of Secondary Delaware Law Issues Does Not Favor A Delaware Forum ............................................................................................................... 9

CONCLUSION ........................................................................................................................ 10

Comparison of *Gomes v. American Century Cos., Inc.* With *Gamoran v. Neuberger Berman Management LLC* ................................................................................................................ A-1

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Abeloff v. Berth*,
   199 F.R.D. 315 (D. Mass. 1988)..................................................................................4

*APV N. Am., Inc. v. Sig Simonazzi N. Am., Inc.*,
   295 F. Supp. 2d 393 (D. Del. 2002)..........................................................................3, 7

*Downing v. Globe Direct LLC*,
   C.A. No. 09-693 (JAP), 2010 U.S. Dist. LEXIS 60733 (D. Del. Jun. 18, 2010) .....................7

*Ferends v. John Deere Co.*,
   494 U.S. 516 (1990)..................................................................................................5

*Gamoran v. Neuberger Berman Mgmt., LLC*,
   10 Civ. 6234, 2011 U.S. Dist. LEXIS 17939 (S.D.N.Y. Feb. 9, 2011) .....................................9

*Gomes v. Am. Century Cos., Inc.*,
   Case No. 10-0083-CV-W-SOW (W.D. Mo. Feb. 18, 2011) .........................................2, 3, 5

*Hall v. Kittay*,
   396 F. Supp. 261 (D. Del. 1975)..............................................................................10

*In re AMKOR Tech., Inc. Sec. Litig.*,
   C.A. No. 06-298, 2006 WL 3857488 (E.D. Pa. Dec. 28, 2006) ......................................8

*Koster v. (Am.) Lumbermen's Mut. Cas. Co.*,
   330 U.S. 518 (1947)..................................................................................................3

*McBrearty v. Vanguard Grp., Inc.*,
   No. 08 Civ. 7650 (DLC), 2009 WL 875220 (S.D.N.Y. Apr. 2, 2009), *aff'd*, 353 F.
   App'x 640 (2d Cir. 2009), *cert. denied*, 130 S. Ct. 3411 (2010)...........................5, 8

*Potrykus v. CSX Transp., Inc.*,
   C.A. No. 08-3729, 2009 U.S. Dist. LEXIS 14808 (E.D. Pa. Feb. 25, 2009)............................4

*Sample v. Morgan*,
   935 A.2d 1046 (Del. Ch. 2007)..................................................................................7

*Sedima, S.P.R.L. v. Imrex Co., Inc.*,
   473 U.S. 479 (1985)..................................................................................................4

*Seidl v. Am. Century Cos.*,
    713 F. Supp. 2d 249 (2010), *aff'd*, No. 10-2313, 2011 WL 2417319 (2d Cir. June 17,
    2011) .................................................................................................................... 5, 8

*SmithKline Corp. v. Sterling Drug, Inc.*,
    406 F. Supp. 52 (D. Del. 1975) ................................................................................. 4

*Weisler v. Barrows*,
    C.A. No. 06-632 GMS, 2006 WL 3201882 (D. Del. Nov. 6, 2006) .......................... 3

*Wodka v. Causeway Capital Mgmt. LLC*,
    No. 09-56733, 2011 U.S. App. LEXIS 9959 (9th Cir. May 16, 2011) ................. 5, 8

*Yang v. Odom*,
    409 F. Supp. 2d 599 (D.N.J. 2006) ..................................................................4, 8, 9

**STATUTES**

18 U.S.C. §1965 ................................................................................................................ 4

28 U.S.C. § 1404(a) .................................................................................................. passim

The Investment Advisor Defendants respectfully submit this reply memorandum of law in further support of their motion to transfer this case back to the SDNY.[1]

**PRELIMINARY STATEMENT**

Plaintiff's opposition underscores the facts that (i) Plaintiff is trying to avoid the SDNY because of unfavorable rulings in related cases and (ii) this district has no material connection to this litigation. Plaintiff admits that he filed this case here after twice filing it in New York to try his luck in the Third Circuit. That alone favors transfer back to the SDNY. As for Plaintiff's attempt to divert the Court's attention from his own behavior by arguing that it is the Defendants who are forum shopping, that argument was rejected by the decision Plaintiff relies on most heavily. And Plaintiff's unsupported arguments that every document, witness, or party could be shipped to Delaware and that his latest choice of forum should be afforded deference because it coincides with Fund's state of incorporation are just wrong. The record establishes that not a single document, party, or witness is in Delaware and no material event occurred in Delaware. The relevant factors conclusively establish that this case belongs back in the SDNY, exactly where Plaintiff himself filed it before.[2]

---

[1] Capitalized terms not defined herein have the meanings set forth in the Memorandum of Law in Support of Investment Advisor Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (D.I. 8) ("Opening Br."). References to Plaintiff's Brief in Opposition to Defendants' Motion to Transfer Venue (D.I. 16) will be in the form "Opp. Br."

[2] Having little to say that is actually relevant to this motion, Plaintiff spends a large part of the Opposition Brief rehashing assertions that the Defendants, by simply investing in publicly traded securities on the LSE, committed criminal acts. Because this motion is not directed at the merits of Plaintiff's claims and the Investment Advisor Defendants believe this Court should send this case back to the SDNY, the Investment Advisor Defendants will not waste space refuting Plaintiff's claims, save to say that (i) no court has ever stated that the claims asserted by Plaintiff's counsel here or in any related cases have any merit and (ii) Plaintiff's counsel has never produced an iota of evidence that anyone has been charged by any regulatory authority for having invested in stocks like 888 or NETeller in the public markets.

# ARGUMENT

I. **PLAINTIFF'S PRIMARY AUTHORITY SUPPORTS TRANSFER HERE**

Plaintiff argues that this motion should be denied because a motion to transfer was denied in *Gomes v. American Century Cos., Inc.*, Case No. 10-0083-CV-W-SOW (W.D. Mo. Feb. 18, 2011) (Opp. Br. at 5, 14). Plaintiff's reliance on *Gomes* is surprising because, although it is not binding on this Court, *Gomes* fully supports granting this motion.

- Nearly all the defendants in *Gomes* lived in or had their principal places of business in Missouri; this was critical to the result in *Gomes*. *See Gomes*, Slip Op. at 5, 12. Here, however, NB and NBM's principal places of business are in New York[3] — where Plaintiff sued them *twice* before for the same alleged misconduct[4] — and Plaintiff makes no allegations about where other defendants reside. Every factor that favored transfer in *Gomes* is present here, every factor that weighed against transfer in *Gomes* is absent here, and this case has additional factors not present in *Gomes* that favor transfer.[5]

- *Gomes* rejected both arguments Plaintiff advances here regarding forum shopping: *Gomes* (i) rejected the argument that the defendants' motion to transfer was an attempt at forum shopping and (ii) noted that conduct by Plaintiff's counsel less significant than what happened here "could give the perception of forum shopping." *See Gomes*, Slip Op. at 10.

For the reasons set forth in the Opening Brief, all of which are fully supported by *Gomes*, this case should be sent back to the SDNY.

II. **PLAINTIFF'S LATEST CHOICE OF FORUM IS ENTITLED TO NO DEFERENCE**

Plaintiff's latest choice of forum is entitled to no deference because (i) Delaware is not Plaintiff's home (New York is) and (ii) Plaintiff filed this action as a derivative and class

---

[3] Courts routinely transfer cases where an investment advisor is a defendant to the jurisdiction where the investment advisor maintains its primary place of business. *See* Opening Br. at 13 n.55.

[4] Plaintiff concedes that the actions he filed in New York were based on the same nucleus of operative facts as this case. *See* Opp. Br. at 11.

[5] *See* Attachment A.

action. *See* Opening Br. at 10. Plaintiff does not dispute either point.[6] Instead, Plaintiff argues that his latest choice of forum is entitled to deference because (i) the Fund is incorporated in Delaware and (ii) RICO has a special venue provision (Opp. Br. at 13-15). Plaintiff is wrong on both counts.

      A.    **The State Of Incorporation Of The Fund Is Irrelevant To This Motion**

As demonstrated in the Opening Brief, the fact that the Fund is incorporated in Delaware is not dispositive. Where (as here) an alternative forum is more convenient and has more substantial connections with a litigation, incorporation in Delaware will not prevent transfer.[7] That is especially so where (as here) the plaintiff is seeking to avoid a forum he himself initially chose.

Plaintiff tries to escape the rule that the choice of forum by a plaintiff in a class or derivative action is entitled to little deference by arguing that there should be an exception when that choice coincides with the location of a nominal defendant (Opp. Br. at 14).[8] But what Plaintiff cites to support this argument is a summary of the arguments advanced by Plaintiff's counsel in *Gomes*, arguments the court declined to adopt.[9] Worse still, Plaintiff's own conduct

---

[6]    *Gomes* agrees with these arguments, too. *See Gomes*, Slip Op. at 8.

[7]    *See APV N. Am., Inc. v. Sig Simonazzi N. Am., Inc.*, 295 F. Supp. 2d 393, 398 (D. Del. 2002).

[8]    Plaintiff argues this in an attempt to distinguish *Koster v. (American) Lumbermen's Mutual Cas. Co.*, 330 U.S. 518 (1947) and *Weisler v. Barrows*, C.A. No. 06-632 GMS, 2006 WL 3201882 (D. Del. Nov. 6, 2006). But *Weisler* was a shareholder derivative suit brought where the nominal defendant was incorporated, and this Court held that the plaintiff's choice of forum was entitled to little deference. *Weisler*, 2006 WL 3201882, at *3. *Weisler* rejected the very argument Plaintiff advances here.

[9]    *Compare* Opp. Br. at 14 (arguing that Plaintiff's choice of forum is entitled to deference because it "coincides with the location of the nominal defendant (and some defendants)") *with Gomes*, Slip Op. at 8 ("[P]laintiff's choice of forum is entitled to less deference because he is not a Missouri resident and because he is bringing a class and derivative action [but] plaintiff's choice of forum will be given … *some* deference [because] the

3

belies this argument: Although Plaintiff now claims that "[f]or derivative actions … the place of incorporation for the nominal defendant … is the most logical place to bring suit," the simple fact is that Plaintiff twice filed this action in New York with allegations that New York was the proper venue.[10]

### B. The RICO Venue Provision Is Irrelevant

Plaintiff argues that his choice of forum is entitled to deference because of RICO's special venue provision (Opp. Br. at 13). But courts in the Third Circuit have routinely held that although special venue provisions establish where an action can be brought, they do not entitle a plaintiff's choice of forum to special deference under §1404(a).[11] 18 U.S.C. §1965 merely establishes that Delaware might have been a permissible venue choice, but it does not entitle that choice to any deference in the context of a § 1404(a) motion. None of Plaintiff's citations are to the contrary.[12]

---

majority of defendants are located in this District and the operative facts occurred in this District"). Moreover, Plaintiff's assertion that NB and NBM are "locat[ed]" in Delaware (Opp. Br. at 14) is wrong: Although both NB and NBM are incorporated in Delaware, their principal places of business are in New York and neither has offices in Delaware.

[10] *Compare* Opp. Br. at 14 *with Gamoran I* Compl. ¶¶ 22-23 (Stone Decl. Exh. A) *and Gamoran II* Compl. ¶¶ 20-21 (Stone Decl. Exh. B).

[11] *See Potrykus v. CSX Transp., Inc.*, C.A. No. 08-3729, 2009 U.S. Dist. LEXIS 14808, at *2-6 (E.D. Pa. Feb. 25, 2009) (FELA special venue provision established where suit could have been brought but did not entitle choice of forum to deference); *Yang v. Odom*, 409 F. Supp. 2d 599, 604 n.10 (D.N.J. 2006) ("the special venue provisions for securities fraud cases do not prohibit the transferring of a class action pursuant to § 1404(a) to another jurisdiction which is clearly a more convenient jurisdiction for litigating the dispute") (citation omitted); *SmithKline Corp. v. Sterling Drug, Inc.*, 406 F. Supp. 52, 56 (D. Del. 1975) (although plaintiff could "designate the forum of its choice" pursuant to a special venue provision, that designation still had to be "measured by the standards of section 1404(a)").

[12] In *Abeloff v. Berth*, 199 F.R.D. 315, 330-31 (D. Mass. 1988), the court declined to transfer the case not because of a special venue provision but because, *inter alia*, the case had a substantial connection with Massachusetts; that is not the case here. And *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479 (1985), was about what is necessary to plead a

4

III. **DEFENDANTS' CHOICE OF FORUM IS ENTITLED TO DEFERENCE**

When a plaintiff's choice of forum is afforded little deference, a defendant's choice is afforded more deference, particularly where a plaintiff has engaged in forum shopping or forum avoidance. *See* Opening Br. at 5. Instead of disputing this, Plaintiff attempts to dodge his own conduct by asserting that it is the Defendants who are trying to forum shop. That argument did not work in *Gomes*[13] and it should not work here:

- Plaintiff *twice* filed this case in New York, both times asserting that venue was proper there.[14] If, as Plaintiff now claims, "Third Circuit law [wa]s the appropriate law to apply to Plaintiff's federal RICO claims" (Opp. Br. at 17), why did Plaintiff file *Gamoran I* and *Gamoran II* in New York?

- Plaintiff admits that he is trying to avoid the Second Circuit's adverse rulings in related cases (Opp. Br. at 17). Knowing his RICO claims would fail in the SDNY, Plaintiff brought this case here to avoid what his counsel now calls the Second Circuit's "circumscribed view of RICO causation" (Opp. Br. at 15). That is the dictionary definition of forum-shopping.[15]

---

    RICO claim, it was not about § 1404, special venue provisions, or even venue at all. Plaintiff's reliance on *Ferends v. John Deere Co.*, 494 U.S. 516 (1990), is especially perplexing. Because *Ferends* involved what state law a transferee court sitting in diversity applies after a case is transferred but not what the standards for transfer are (*id.* at 518-19), it has no relevance to this motion and, in any event, does not support the notion that Third Circuit law could apply to Plaintiff's RICO claims. And *Ferends* confirms that § 1404(a) was enacted specifically to give defendants remedies when otherwise broad venue statutes result in cases being brought in inconvenient fora (*id.* at 522-23), nullifying Plaintiff's argument based on RICO's venue statute.

[13]   *See Gomes*, Slip Op. at 10 (rejecting argument that defendants were attempting to avoid application of Eighth Circuit law regarding elements of RICO claims).

[14]   *See Gamoran I* Compl. ¶¶ 22-23 (Stone Decl. Exh. A); *Gamoran II* Compl. ¶¶ 20-21 (Stone Decl. Exh. B).

[15]   Plaintiff does not even accurately describe why his counsel's RICO claims were dismissed in related cases. Although Plaintiff claims those decisions addressed "standing" to sue under RICO (Opp. Br. at 3), in fact all the decisions addressed whether the plaintiffs had stated RICO claims. *See Wodka v. Causeway Capital Mgmt. LLC*, No. 09-56733, 2011 U.S. App. LEXIS 9959, at *2-4 (9th Cir. May 16, 2011); *Seidl v. Am. Century Cos.*, 713 F. Supp. 2d 249, 255 (2010), *aff'd*, No. 10-2313, 2011 WL 2417319 (2d Cir. June 17, 2011); *McBrearty v. Vanguard Grp., Inc.*, No. 08 Civ. 7650 (DLC), 2009 WL 875220, at *3-4 (S.D.N.Y. Apr. 2, 2009), *aff'd*, 353 F. App'x 640 (2d Cir.

5

IV.  **THE CONVENIENCE OF THE PARTIES AND WITNESSES FAVORS TRANSFER**

As demonstrated in the Opening Brief and supporting declarations, the SDNY is a more convenient forum because the Plaintiff, the Defendants, a relevant witness, and relevant documents are all located in New York. Plaintiff does not dispute any of that.[16]  In fact, Plaintiff is silent about the fact that he resides in New York and fails to identify a single witness or document in Delaware to support his assertion that Delaware is a more convenient forum than the SDNY. Instead, Plaintiff argues that the location of parties, witnesses, and documents is irrelevant because all could be transported to Delaware (Opp. Br. at 19-20). Plaintiff's argument ignores and would write out of existence the plain language of § 1404(a), which allows transfers "[f]or the convenience of parties and witnesses."

V.  **NEW YORK AND LONDON ARE THE SITUS OF MATERIAL EVENTS**

The Fund purchased and owned shares in 888 and NETeller, two non-U.S. companies listed and traded on the LSE; the gravamen of Plaintiff's claims is that 888 and NETeller's primary businesses violated federal and state laws and that simply investing in the stocks was illegal (Compl. ¶¶ 29, 38). Day-to-day investment decisions for the Fund are made by the Fund's portfolio manager and his team, all of whom are based in New York.[17]  And the

---

2009), *cert. denied*, 130 S. Ct. 3411 (2010). Plaintiff's assertion that no courts have decided whether claims like Plaintiff's suffice to plead violations of RICO (Opp. Br. at 2) is simply wrong — two district courts and two appellate courts have said they do not.

[16]  Plaintiff attempts to minimize the importance of the non-party witness by speculating as to his memory of the 888 and NETeller investments. Beyond the fact that Plaintiff's speculation is entitled to no weight, this case has taken as long as it has because of the way Plaintiff and/or his counsel have litigated it, and Plaintiff cannot use that delay to avoid transfer back to the forum he initially chose for this action and affirmatively pleaded was proper.

[17]  *See* Decl. of Benjamin Segal in Supp. of Defs.' Mot. to Transfer Venue Pursuant to 28 U.S.C. § 1404(a), dated October 5, 2011 (D.I. 10), ¶¶ 5-6.

actual transactions in 888 and NETeller stock took place in London on the LSE. To avoid these uncontested facts, Plaintiff argues that (i) the Fund could have only "owned" the securities in the jurisdiction in which it was organized (Delaware) and (ii) the Fund could only have been injured in Delaware (Opp. Br. at 18). Those arguments fail.

- Plaintiff's claim that "ownership" of securities is a material event defies common usage: Ownership is a condition; purchases and sales are events. There is no dispute that the purchases and sales at issue here happened in London.

- Where an alleged crime occurred is defined by where the alleged act occurred, not the domicile of the actor: If a California resident is alleged to have committed a robbery in New York, the robbery is deemed to have occurred in New York rather than California. Here, there is no dispute that (i) the Fund's portfolio manager is located in New York and made the decisions regarding NETeller and 888 in New York and (ii) the purchases and sales were effected in London. That the Fund is a Delaware entity has nothing to do with either.

- Plaintiff's reliance on *Sample v. Morgan*, 935 A.2d 1046 (Del. Ch. 2007), is misplaced. That case involved whether the defendants were subject to personal jurisdiction, not whether one forum was more convenient than another.[18]

The incorporation of the Fund and certain corporate defendants in Delaware are the only connections this case has to Delaware. But this fact alone is not dispositive of a motion to transfer.[19]

---

[18]  Plaintiff's aside that "[n]o Defendant contests Delaware jurisdiction" (Opp. Br. at 6) is irrelevant. No defendant has responded to the Complaint at all, and Plaintiff has stipulated that no defendant need respond to the Complaint until after this motion has been decided. *See* D.I. 4, at 2. The time has not yet come for anyone to address whether personal jurisdiction can be had over any or all defendants in Delaware, but the question should not even matter because there is a forum in which the question need never arise — the SDNY, where Plaintiff brought claims relating to the same nucleus of operative facts before.

[19]  *See Downing v. Globe Direct LLC*, C.A. No. 09-693 (JAP), 2010 U.S. Dist. LEXIS 60733, at *9-10 (D. Del. Jun. 18, 2010); *see also APV*, 295 F. Supp. 2d at 398.

7

## VI. THE PUBLIC INTEREST FAVORS SENDING THIS CASE BACK TO THE SDNY

### A. Transferring This Case Back To The SDNY Will Avoid Duplicative Litigation And Ensure Consistent Results

Courts in the Third Circuit have repeatedly considered the public interest in achieving consistent results across jurisdictions as a factor in favor of transferring venue.[20] The issues presented in this case have been extensively briefed multiple times before multiple judges in the Second Circuit and the SDNY, but never in this district or the Third Circuit; sending this case back where it came from would thus conserve this Court's resources as well. Plaintiff tries to duck these facts by arguing that other courts have not addressed the merits of Plaintiff's common law claims (Opp. Br. at 17-18). But those courts did reach the merits of RICO claims that are substantively identical to the ones asserted here, and dismissed those claims with prejudice.[21] And Plaintiff admits that he filed the Complaint in Delaware precisely to try to avoid those decisions (Opp. Br. at 4, 15).[22] On its own, that attempt to dodge venue — which

---

[20] *See Yang*, 409 F. Supp. 2d at 609. Plaintiff's argument that "there is no reason to believe that if this case were transferred to New York it would be assigned to either Judge Cote or Judge Sand" (Opp. Br. at 18) misses the point. As explained in *In re AMKOR Tech., Inc. Sec. Litig.*, C.A. No. 06-298, 2006 WL 3857488, at *6 (E.D. Pa. Dec. 28, 2006), having similar "actions in the same court-whether or not before the same judge-minimizes the possibility that the two actions will generate inharmonious rulings."

[21] *See Wodka*, 2011 U.S. App. LEXIS 9959, at *3-4; *McBrearty*, 2009 WL 875220, at *3-4, *aff'd*, 353 F. App'x 640 (2d Cir. 2009), *cert. denied*, 130 S. Ct. 3411 (2010); *Seidl*, 713 F. Supp. 2d at 255, *aff'd*, No. 10-2313, 2011 WL 2417319 (2d Cir. June 17, 2011).

[22] Plaintiff argues that there is no reason to believe that this case would be assigned to Judge Sand if it were transferred back to the SDNY, because Judge Sand "expressly declined to require Plaintiff to re-file in his Court." Opp. Br. at 18. But whether to accept this case as related to *Gamoran I* or *Gamoran II* if it proceeds in the SDNY should be up to the judges in the SDNY — that is their decision to make, not Plaintiff's. In any event, Judge Sand stated that he did not believe he had the power to compel Plaintiff to re-file in the SDNY because of the way Plaintiff had conducted himself, not that he would have refused to do so if he could have. *See* Tr. of April 17, 2010 Oral Arg. at 15 (Stone Decl. Exh. C).

8

Plaintiff previously asserted was proper in New York — favors transfer back to the SDNY.[23]

### B. The Potential Existence Of Secondary Delaware Law Issues Does Not Favor A Delaware Forum

Plaintiff argues that Delaware courts are better situated to address Plaintiff's common law claims for breach of fiduciary duty, negligence and waste (Opp. Br. at 17 ). Once again, Plaintiff is wrong.

- This argument puts the cart before the horse. Before getting to any Delaware law issues, a court would have to determine whether (i) the Complaint states RICO claims (both the Second and Ninth Circuits have already held that substantively identical complaints did not) and (ii) Section 1955 applies to the passive ownership of publicly traded securities. Neither question involves the interpretation of Delaware law, as Plaintiff concedes by focusing the Opposition Brief on his allegations that the defendants violated § 1955 and RICO.

- Plaintiff's reliance on Delaware law in this case is an afterthought. Plaintiff did not raise an issue about Delaware substantive law in any of these cases until he moved to reconsider the denial of his motion to remand in *Gamoran II*, long after *Gamoran I* and *Gamoran II* were filed with allegations that venue was proper in New York.[24] And when Plaintiff did try to raise Delaware law issues, he did not do so to claim that his choice of New York as a venue was wrong — in fact, Plaintiff argued that Judge Sand should not dismiss the *Gamoran II* complaint at all,[25] meaning that he could have no legitimate objection to his case being sent back to the SDNY.

- To the extent any state's law is relevant to the determination of Plaintiff's claim that investing in securities can be illegal, Plaintiff has alleged that the Defendants violated the laws of "all fifty states" (Opp. Br. at 10). Thus, a Delaware court has no more claim to primacy than a court in any other state

---

[23] *See Yang*, 409 F. Supp. 2d at 610. Note that Plaintiff's acceptance of the SDNY forum here is far stronger than it would be if this case involved a mere "concession" that venue is proper in the SDNY. Plaintiff did not just concede that venue is proper in New York, he affirmatively chose to file *Gamoran I* and *Gamoran II* in New York and pleaded that venue was proper in New York in both cases.

[24] *See Gamoran v. Neuberger Berman Mgmt., LLC*, 10 Civ. 6234, 2011 U.S. Dist. LEXIS 17939, at *3-4 (S.D.N.Y. Feb. 9, 2011).

[25] *See* Exhibit A to Supplemental Decl. of Alan J. Stone In Supp. of the Investment Advisor Defs.' Mot. to Transfer Venue Pursuant to 28 U.S.C. § 1404(a), dated November 2, 2011, at 5; Tr. of April 17, 2010 Oral Arg. at 4-5 (Stone Decl. Exh. C).

with respect to evaluating the merits of Plaintiff's claims.

- By twice before bringing this suit in New York, Plaintiff conceded that judges in courts in New York are competent to rule on whatever issues of Delaware law might arise in this case. And Plaintiff had to concede that, because Delaware courts have themselves recognized that New York courts are fully capable of applying Delaware law.[26]

## CONCLUSION

For all the foregoing reasons and those set forth in the Opening Brief, the Court should transfer this action back to the SDNY.

Dated: November 2, 2011

By: ___/s/ Alan J. Stone___.

MILBANK, TWEED, HADLEY
   & McCLOY LLP
James N. Benedict
jbenedict@milbank.com
Alan J. Stone  (DE Id. No. 2677)
astone@milbank.com
Douglas W. Henkin
dhenkin@milbank.com
Mia C. Korot
mkorot@milbank.com
1 Chase Manhattan Plaza
New York, NY  10005-1413
(212) 530-5000

*Attorneys for Defendants Neuberger Berman Management LLC, Neuberger Berman, LLC, Benjamin Segal, Peter E. Sundman, and Jack L. Rivkin.*

---

[26] *See, e.g., Hall v. Kittay*, 396 F. Supp. 261, 265 (D. Del. 1975) ("The New York court has often demonstrated its grasp of Delaware law with respect to fiduciary duties of corporate officers and directors.").

10

**Comparison of *Gomes v. American Century Cos., Inc.*
With *Gamoran v. Neuberger Berman Management LLC*:**

ALL FACTORS THAT WEIGHED IN FAVOR OF TRANSFER IN *GOMES* ARE PRESENT HERE

| *GOMES* | THIS CASE |
|---|---|
| Plaintiff did not dispute that the case could have been brought in the SDNY. | Same — in fact, Gamoran twice filed suit in New York alleging claims based on the same nucleus of operative fact. |
| Plaintiff's choice of forum was entitled to little deference because Missouri was not his home forum. | Same — Plaintiff is a resident of New York, not Delaware. |
| Plaintiff's choice of forum was entitled to little deference because he was asserting class and derivative claims. | Same. |
| Plaintiff filed nearly identical lawsuits in different fora, which "could give the perception of forum shopping." | This case presents a stronger reason to transfer: As the *Gomes* court noted, Plaintiff's counsel has filed nearly identical lawsuits around the country. Even more egregious, Plaintiff has twice before filed this case in New York. |
| The SDNY has considered the same legal issues raised in plaintiff's complaint. | Same. |

NO FACTORS THAT WEIGHED AGAINST TRANSFER IN *GOMES* ARE PRESENT HERE

| *GOMES* FACTORS AGAINST TRANSFER | THIS CASE |
|---|---|
| Twelve of the fifteen defendants had their principal places of business in Missouri. | *All* of the corporate defendants have their principal place of business in New York, and *none* of the individual defendants live in Delaware. |
| The parties did not point to any non-party witnesses located in New York. | The only non-party witness identified in this case is located in New York. |
| The relevant documents were located in Missouri. | *None* of the relevant documents are located in Delaware. |
| Some material events occurred in Missouri. | All material events occurred in New York and London; none occurred in Delaware. |
| Missouri or Maryland law governed plaintiff's state law claims and the *Gomes* court was capable of applying either. | Plaintiff has twice conceded that New York judges are competent to rule on whatever issues of Delaware law might be raised by his claims. |