IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **BENJAMIN M. GMORAN,** derivatively on behalf of the nominal defendant with respect to its series Mutual fund, the Neuberger Berman International Fund,<br><br>        Plaintiff,<br><br>    v.<br><br>Neuberger Berman LLC, *et al.*<br><br>        Defendants.<br><br>    and<br><br>Neuberger Berman Equity Funds d/b/a Neuberger Berman International Fund,<br><br>        Nominal Defendant. | Civil Action No. 11-751(GMS) |

## ORDER

WHEREAS, on August 3, 2010, the plaintiff, Benjamin Gmoran, initiated a suit derivatively, on behalf of the nominal defendant, Neuberger Berman Equity Funds, against Neuberger Berman LLC, to recover the money that the defendant allegedly invested illegally in criminal gambling organizations;

WHEREAS, on October 5, 2011, the defendants filed a motion to transfer venue under 28 U.S.C. § 1404(a) (D.I. 7)[1];

WHEREAS, on October 26, 2011, the plaintiff filed an answering brief in opposition to the defendants' motion to transfer venue (D.I. 16);

---

[1] That motion was filed by defendants Neuberger Berman Management LLC, Neuberger Berman, LLC, Benjamin Segal, Milu E. Komer, Peter E. Sundman, and Jack L. Rivkin. On the same day that motion was filed, a motion to join the motion to transfer venue was filed by defendants William E. Rulon, John Cannon, Faith Colish, C. Anne Harvey, Robert A. Kavesh, Howard A. Mileaf, Edward I. O'Brien, Cornelius T. Ryan, Tom D. Seip, Candace L. Straight, and Peter P. Trapp (D.I. 11).

WHEREAS, on November 2, 2011, the defendants filed a reply brief in support of the motion to transfer (D.I. 18);

WHEREAS, the court having considered this pending motion, the response and reply thereto, and the applicable law, finds that good cause exists for granting the motion and concludes that this action should be transferred to the Southern District of New York;

IT IS HEREBY ORDERED that the motion to transfer venue (D.I. 7), as well as the motion for joiner (D.I. 11) are GRANTED and this action is transferred to the Southern District of New York.[2]

Dated: November 4, 2011

CHIEF, UNITED STATES DISTRICT JUDGE

---

[2] Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "The burden of establishing the need for transfer still rests with the movant" and "the plaintiff's choice of venue should not be lightly disturbed." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). Here, the defendants contend that transfer is warranted pursuant to § 1404(a) because the SDNY is the jurisdiction in which: "(1) the Plaintiff first brought this action, (2) many of the material events at issue occurred, (3) the relevant parties, witnesses and documents are located, and (4) several district and appellate courts have already spent substantial judicial resources familiarizing themselves and ruling on substantially identical claims." (Defendants' Memorandum of Law in support of their Motion to Transfer Venue, D.I. 8 at 6). In response, the plaintiff argues that this matter should not be transferred because the state law actions are governed by Delaware law, and, because "[a]lthough other courts have determined RICO causation with respect to the claims of other investors in different mutual funds under law applicable to courts in the Second Circuit, Plaintiff is entitled to have his civil RICO claims determined in this case according to the law governing federal courts in this Circuit." (Plaintiff's Brief in Opposition to Defendants' Motion to Transfer Venue, D.I. 16 at 4). However, the plaintiff is mistaken in that assertion; the practice of filing suit in a particular district because the plaintiff believes that district is most likely to provide a favorable judgment is the epitome of forum shopping. Therefore, the plaintiff's choice to file this matter in the District of Delaware is suspect and unjustified. Furthermore, the plaintiff has alleged that the defendants violated the laws of "all fifty states." Thus, a Delaware court has no more claim to primacy than a court in any other state. For these reasons, the court finds that both the private and public *Jumara* factors weigh in favor of transferring this case to the Southern District of New York.